IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MICHELLE BYROM                                                 PETITIONER

vs.                                                           CIVIL ACTION NO.: 1:06CV142-MPM

CHRISTOPHER EPPS, ET AL.                                RESPONDENTS

**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO INVOKE
DISCOVERY AND REQUIRING RESPONDENTS TO FILE SUPPORTING BRIEF**

Presently before the Court is Petitioner's request that this Court grant her leave to conduct discovery to support the claims raised in the petition for writ of habeas corpus currently pending before the Court.[1] Respondents have not filed an opposition to the request. The Court denies Petitioner's requests and orders Respondents to file a brief in support of their answer to the petition for the reasons that follow.

Rule 6 of the Rules Governing § 2254 Cases ("Habeas Rules") allows a petitioner discovery "only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). A petitioner may establish "good cause" by showing that he may be entitled to relief if the facts specifically alleged are allowed to be more fully developed. *See, e.g.*, *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000) (noting petitioner may show good cause by establishing a prima facie case for relief); *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994)("A federal habeas court must allow discovery . . . only where a factual dispute, if resolved in [Petitioner's] favor, would entitle him to relief."). The Court now considers the facts and circumstances of Petitioner's

---

[1] Docket entry no. 16

1

request.

**Background**

Michelle Byrom was convicted of the capital murder of her husband Edward Byrom, Senior ("Edward, Sr.") and sentenced to death pursuant to Mississippi Code Annotated § 97-3-19(2)(d), which defines capital murder as a murder "which is perpetrated by any person who has been offered or has received anything of value for committing the murder, and all parties to such a murder." At trial, evidence was introduced that Petitioner contracted with Joey Gillis through her son, Edward, Jr. ("Junior"), to have Edward, Sr., killed in exchange for $15,000, which she intended to pay Gillis from Edward, Sr.'s, insurance proceeds. (Mot. 3). Junior testified against his mother at trial pursuant to a plea agreement, and Gillis did not testify at Petitioner's trial. (Mot. 4). After Petitioner was tried and sentenced to death, Junior pled guilty to commit capital murder and accessory before the fact to grand larceny and burglary with the intent to commit assault, and Gillis pled guilty to conspiracy and accessory after the fact to capital murder. (Mot. 3).

Petitioner's theory of defense at trial was that she confessed to police that she contracted her husband's murder in order to divert attention away from Junior, who actually shot his father out of rage incited by the repeated abuse he and his mother suffered at his father's hands. (Mot. 4-5). At trial, defense counsel was in possession of letters Junior had written to Petitioner admitting that he acted alone in killing his father, but defense counsel was unable to introduce the letters at trial because they were not produced to the prosecution in discovery. (Mot. 5-6). Petitioner alleges that she learned after her trial that Junior told Dr. Criss Lott, a psychologist appointed to evaluate Junior prior to Petitioner's trial, that he had murdered his father. Petitioner

2

maintains that this information was divulged to Gillis' attorneys after her trial. (Mot. 6). Petitioner argues that after she had been sentenced, the prosecutor informed a local newspaper that a plea agreement had been struck in Gillis' case, and the prosecutor noted that Junior's conflicting statements to Dr. Lott would have "seriously compromised" his testimony against Gillis. (Mot. 6-7). In her federal habeas petition, Petitioner also submits affidavits from her post-conviction counsel, who attest that Gillis informed them that he was not hired by Petitioner to kill Edward, Sr. (Mot. 7). Petitioner argues that as she was only eligible for the death penalty if the murder was a murder-for-hire. She also maintains that Junior's statements indicate the murder was the act of a son filled with rage at his father, and that there is a reasonable probability she would not have been sentenced to death had this evidence been presented at trial. (Mot. 8).

Petitioner requests leave to conduct discovery to support her claims of a *Brady* violation, and also to support her contention that she is not eligible for the death penalty. Specifically, she requests leave to serve subpoenas for Dr. Lott's records concerning Junior, as well as for the full and complete files of all prosecutors involved in this case. Petitioner also requests that she be allowed to depose (1) Dr. Lott; (2) Joey Gillis; (3) all prosecutors in the case; (4) Jay McAlpin, a jail mate of Junior; and (5) Junior.

**Law and Application**

*Brady v. Maryland* requires that the prosecution disclose evidence that is 1) favorable to the accused; and 2) material either to guilt or to punishment. *United States v. Bagley*, 473 U.S. 667, 674 (1985); *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Evidence is considered "material" where a reasonable probability exists that if the evidence had been disclosed, the result of the trial would have been different. *See Banks v. Dretke*, 540 U.S. 668, 698-99 (2004). A

"reasonable probability" is shown when the suppression of the evidence undermines confidence in the outcome of the proceedings. *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). The United States Supreme Court has held that "[t]here are three components of a true *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999).

On direct appeal, the Mississippi Supreme Court considered whether the trial court committed error in refusing to allow into evidence Junior's letters in which he claimed responsibility for the crime. The court held:

> We conclude that the failure to disclose in the case at bar did warrant complete exclusion of the letters. Byrom was not prejudiced by the exclusion of these letters. Byrom's counsel was allowed to ask Junior if he remembered writing every statement in the letters and if he admitted writing letters to his mother in which he told her that there was no conspiracy and that he alone killed his father. Specifically, Junior admitted having previously stated that, once arrested, he gave the authorities "one bulls [expletive omitted]t story after another ... to save [his] own ass." Junior also admitted having said that he was so scared, confused, and high that he just said the first thing that came out of his mouth. He further admitted having said that there was no conspiracy; that the crime had nothing to do with money; and, that it was just Junior, who had gotten mad at his father and killed him. Though he denied making some of the statements, the ultimate fact that Byrom sought to prove through their introduction, that Junior wrote his mother that he personally killed his father, was admitted by Junior in open court. Thus, the excluded evidence was before the jury. Therefore, this issue is without merit.

*Byrom v. State*, 863 So. 2d 836, 871 (Miss. 2003).

The instant argument, like the one addressed by the Mississippi Supreme Court, is that evidence exists that Junior claimed sole responsibility for the crime. The difference is that this time it is the prosecution that is alleged to have failed to disclose evidence. However, the fact

4

that the statements to Dr. Lott went undisclosed is not, alone, a *Brady* violation. The Court must also conclude that Petitioner's allegations concerning Junior's statements to Dr. Lott, if true, are cumulative of the testimony Junior gave at trial. As the jury had before it information that Junior had made prior statements that he alone was responsible for the crime, the fact that defense counsel did not have the statements Junior made to Dr. Lott did not prejudice Petitioner. Further, the Court notes Petitioner's request raises issues of privilege, hearsay, and exhaustion, and Petitioner's rather extensive request will not be granted on the limited record before the Court. However, the Court has reviewed the pleadings filed in this cause, and it determines that Respondents' answer should be supplemented with a memorandum of authorities. The petition filed in this cause does not expressly state that a memorandum of authorities is incorporated within it, but it is apparent that Petitioner has included authorities for her claims within the petition itself. Therefore, the Court is not ordering that Petitioner file a separate memorandum of authorities. However, Petitioner shall have the opportunity to file a rebuttal memorandum to Respondents' memorandum of authorities. Therefore, while the Court is of the opinion that the motion of Petitioner is insufficient to establish good cause sufficient to invoke the sought discovery, Petitioner's motion shall be denied without prejudice to re-file should she find it necessary to do after the pleadings have been fully briefed.

Based on the foregoing, it is hereby **ORDERED**:

1. Petitioner's motion for leave to invoke discovery is **DENIED** without prejudice;

2. Respondents shall file a memorandum of authorities in support of its answer to the petition for writ of habeas corpus filed in this cause on or before September 5, 2008;

3. Petitioner shall have thirty days following the submission of Respondents'

5

memorandum to file a rebuttal thereto; and

4. Respondents shall produce the State court records from Petitioner's state court proceedings within thirty days of the date of this order.

**THIS** the 23rd day of July, 2008.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**